UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARIANNE C. DEGAR,

                        *Plaintiff,*

                                      **COMPLAINT FOR DAMAGES FOR PERSONAL BODILY INJURIES**

        -against-

                                        **No.**

ROYAL CARIBBEAN INTERNATIONAL and
ROYAL CARIBBEAN CRUISES LTD.,

                                       **Plaintiff demands a jury trial**

                        *Defendants.*
-------------------------------------------------------------------------X

        Plaintiff, by her attorneys, Law Office of Stephen B. Kaufman, P.C., as and for her complaint, respectfully alleges, upon information and belief:

## JURISDICTION

1.     This is an action by a fare-paying passenger who sustained injuries aboard the cruise vessel Oasis of the Seas ("Vessel") while on a cruise departing from Port Canaveral, Florida. Jurisdiction is vested in this Court pursuant to 28 U.S.C. Sec. 1333 due to the maritime nature of the claims. Jurisdiction is also based on diversity of citizenship and the subject matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## VENUE

2.     Venue is proper under 28 U.S.C. sec. 1391 because, at all times hereinafter mentioned, defendants were and still are subject to this Court's personal jurisdiction.

## LAW

3.     Plaintiff's claims arise under and are governed by the General Maritime

1

Law of the United States and are supplemented by the laws of the State of New York.

## PARTIES

4. Plaintiff is a citizen of the State of New York.

5. Defendant Royal Caribbean International is a Florida corporation. At all times hereinafter mentioned, Royal Caribbean International was the charter of the Vessel.

6. Defendant Royal Caribbean International is a Florida corporation. At all times hereinafter mentioned, Royal Caribbean Cruises Ltd. was the operator of the Vessel.

## FACTS

7. On August 7, 2018, while a passenger on the Vessel for a 7-night Eastern Caribbean cruise, the plaintiff slipped and fell in the vicinity of an ice cream stand on the pool deck of the ship. The plaintiff was caused to slip and fall by reason of the presence of a puddle of water and/or other liquids located adjacent to said ice cream stand.

8. As a result of said accident, the plaintiff sustained serious personal injuries, including, but not limited to, a tear of the left anterior cruciate ligament and a fracture of the patella, requiring surgery and physical therapy.

9. At all times material, the plaintiff was acting with due care for her own safety.

## LIABILITY

10. The plaintiff re-alleges the allegations set forth in paragraphs 1 through 9 above.

11. At all times material, the defendants, as owners and operators of the Vessel, owed the plaintiff the duty to exercise reasonable care under the circumstances, or in the

alternative a higher duty of care commensurate with the defendants' common carrier/passenger relationship with the plaintiff.

12.     The defendants, their agents, servants, employees and/or subcontractors, were negligent in that they negligently and carelessly maintained their Vessel and caused the walking surface of the subject pool deck area wherein the plaintiff became injured to be and remain in a dangerous, unsafe and obstructed condition and in otherwise permitting water and/or other liquids and/or slippery substances to be and remain on said walking surface for an unreasonable length of time after having due notice thereof, in causing water and/or liquids and/or slippery substances to be and remain on said walking surface; in failing to timely and adequately clean and/or maintain said area; in failing to timely, adequately and properly remove water and/or liquids from the subject area, in failing to take corrective an remedial action after having acquired actual and constructive notice of a hazard at said location; in failing to implement, provide and maintain safe procedures for properly inspecting the Vessel and its walking surfaces to insure passenger safety; in inviting pedestrians to transverse the area without making the area safe; in failing to timely and adequately inspect said area; in failing to provide adequate warnings to pedestrians traversing said walking surface; causing, permitting and/or creating a dangerous, entrapping and negligent condition to exist and in failing to warn members of the public of the existence of such dangers.

13:     At all times material, the defendants had actual notice of the recurring presence of water and/or other liquids and/or slippery substances on the walking surface of the subject pool deck area in the vicinity of the ice cream stand.

14:     The injuries sustained by the plaintiff herein were sustained without any

fault, want of care and/or culpable conduct on the part of the plaintiff herein but solely by virtue of the negligence and carelessness of the defendants herein.

## DAMAGES

15: As a direct and proximate result of the defendants' negligence and carelessness, the plaintiff slipped and fell causing her to sustain severe, painful and debilitating injures including, but not limited to, a tear of the left anterior cruciate ligament and a fracture of the patella, requiring surgery and extensive rehabilitation therapy, all causing plaintiff to incur significant past and future medical treatment and expenses. As a result of these injuries plaintiff suffered permanent physical impairment, disability and loss of enjoyment of life in the past and in the future.

16: By reason of the carelessness and solely by reason of the negligence of the defendants herein, the plaintiff was obliged to and did necessarily pay and become liable for hospital and medical care and attention and medication and other expenses, all to plaintiff's further damage.

17: By reason of the carelessness and solely by reason of the negligence of the defendants herein, the plaintiff's injuries proximately caused her to lose the benefit of her vacation cruise also resulting in transportation costs and other out of pocket costs and damages in amounts to be proven at the time of trial.

## JURY DEMAND

18: Plaintiff demands a trial by jury.

WHEREFORE, plaintiff reiterates and incorporates each and every allegation, and prays for monetary judgment against the defendants, jointly and severally, as follows:

a. For general, special, incidental, and consequential damages incurred and to be incurred as the direct and proximate result of the acts and omissions of the defendants and or their agents, employees and all other persons or entities which may be vicariously liable;

b. For all expenses of health care providers, past, present and future;

c. For pre-judgment interest on the award;

d. For plaintiff's taxable costs of suit; and

e. For post-judgment interest and other relief allowed by the Court.

Dated: Bronx, New York
June 13, 2019

Yours, etc.,

LAW OFFICE OF STEPHEN B. KAUFMAN, P.C.

By: John V. Decolator (JD-3465)
*Attorneys for Plaintiff*
3397 East Tremont Avenue
Bronx, New York 10461
Tel (718) 822-0500
Fax (718) 822-4715
e-mail: jdecolator@sbk.nyc

5